968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Reford D. JOHNSON, Petitioner-Appellant,
v.
Stephen KAISER; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-6127.
 United States Court of Appeals, Tenth Circuit.
 June 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Johnson, a state inmate, appeals the judgment of the district court dismissing Mr. Johnson's pro se petition for habeas relief. We grant permission for Mr. Johnson to proceed in forma pauperis and affirm the district court's judgment.
 
 
 3
 Mr. Johnson was convicted in state court on January 20, 1978 of robbery with firearms after former conviction of a felony and was sentenced to sixty years. He filed his pro se petition for habeas relief asserting: (1) "The Prosecutor Impermissible [sic] Commented On Petitioner's Right Not to Testify"; and (2) "The Failure Of The Court Reporter To Make a Record of the Entire Trial Proceedings was a Reversible Error."
 
 
 4
 The district court referred the petition to a magistrate judge who concluded the petition should be dismissed as Mr. Johnson had abused the writ (this being his third federal petition for habeas relief) and no fundamental miscarriage of justice would result if the court failed to entertain the claims. Mr. Johnson filed voluminous objections. The district court reviewed the matter de novo and dismissed the petition for essentially the same reasons advanced by the magistrate judge.
 
 
 5
 Mr. Johnson raises the same two issues on appeal and asserts "I did not commit [the crime] due to being framed." He argues that he has made a colorable showing of factual innocence under Kuhlman v. Wilson, 477 U.S. 436 (1986) and the district court must therefore consider his claims even though they are successive.
 
 
 6
 We first examine Mr. Johnson's prior petitions for habeas relief in federal court. The first was filed in 1982 and set forth a single ground for relief--ineffective assistance of counsel due in part to her failure to direct the court reporter to make a record of the entire record including counsel's closing arguments. The district court denied relief and this court affirmed finding trial counsel's conduct met the standard of reasonable skill and competence. See Johnson v. Fields, No. 82-2168 at 4 (10th Cir. March 4, 1983). In December 1983 Mr. Johnson filed his second habeas petition asserting deprivation of due process and equal protection because the prosecutor commented upon his failure to testify. The district court denied relief because of Mr. Johnson's procedural default in state court. We affirmed. Johnson v. Cowley, No. 84-1688 (10th Cir. March 5, 1985).
 
 
 7
 Mr. Johnson now raises what amounts to the same claim for the third time. The only difference is the present claim is coupled with an assertion of innocence.
 
 
 8
 The magistrate judge concluded: "This court is persuaded that Petitioner has failed to establish that the prosecutor's comment probably resulted in the conviction of an innocent person. Consequently, the ends of justice do not require that Petitioner's ... issue be reviewed a second time."
 
 
 9
 The district court came to a similar conclusion stating:
 
 
 10
 [T]he Court is not persuaded that there is a fair probability that the jury would have entertained a reasonable doubt of Petitioner's guilt, regardless of whether the prosecutor made the remarks ascribed to him, that is, that the alleged constitutional violation probably has caused the conviction of an innocent person.
 
 
 11
 Assuming, merely for the sake of argument, that Mr. Johnson's claim of impermissible prosecutorial comment was not previously decided upon the merits we agree with the district court that Mr. Johnson has failed to show a constitutional violation has probably caused the conviction of an innocent person. The alleged comment does not go to the issue of guilt or innocence. Thus, we are not persuaded a fair probability existed that but for this comment the jury would not have found Mr. Johnson guilty.
 
 
 12
 We agree further with the district court that Mr. Johnson has made no showing of cause for failure to previously raise this ground and no fundamental miscarriage of justice results from the district court's failure to hear it. Thus, we conclude Mr. Johnson's claims constitute an abuse of the writ.
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3